IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CHARLES HARRIS,        § | |
| § | |
| Plaintiff,        § | |
| § | |
| v.        § | Civil Action No. 4:25-cv-00807-O-BP |
| § | |
| EQUIFAX INFORMATION        § | |
| SERVICES, LLC.,        § | |
| § | |
| Defendant.        § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the unopposed Motion to Set Aside Clerk's Entry of Default that Equifax Information Services LLC filed on October 13, 2025 (ECF No. 10) and the "Motion for Entry of Default" that Plaintiff Charles Harris filed on October 15, 2025 (ECF No. 13).

An order granting a motion to set aside a default is a dispositive order to which the undersigned may only make a recommendation to the district judge. *Parks v. Collins*, 761 F.2d 1101, 1105-06 (5th Cir. 1985). Based upon a full review of the relevant pleadings on file and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **GRANT** Equifax's Motion to Set Aside Default (ECF No. 10) and **DENY** as moot Harris' "Motion for Entry of Default" (ECF No. 22).

**I.     BACKGROUND**

This case concerns alleged violations of the Fair Credit Reporting Act relating to mishandling of consumer credit information. ECF No. 1. On September 24, 2025, Harris requested the Clerk of Court to enter default against Equifax under Rule 55(a), swearing in his affidavit that Harris "failed to file any answer, motion, or responsive pleading, and has not otherwise appeared

in this action." ECF No. 7 at 2. The Clerk entered default on September 30, 2025. ECF No. 8. On October 10, 2025, the Court ordered Harris to move for Default Judgement against Equifax, which he did on October 15, 2025, with the title "Motion for Entry of Default." ECF Nos. 9, 13. On October 13, 2025, Equifax filed its unopposed Motion to Set Aside Default under Rule 55(c).

## II. LEGAL STANDARDS

### A. Rules 55(c) and 60(b)

Rule 55 sets forth the conditions under which a court may enter a default against a party, as well as the procedure to seek the entry of default judgment. When a court enters a default, it may be set aside for good cause under Fed. R. Civ. P. 55(c). After a default judgment is entered, it may be set aside under Fed. R. Civ. P. 60(b). *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 938 (5th Cir. 1999). However, courts "conside[r] the same three factors when determining whether good cause exists for setting aside an entry of default under Rule 55(c) and whether sufficient grounds exist for setting aside a default judgment under Rule 60(b)(1)." *Am. Gen. Life Ins. Co. v. Mgbakogu*, No. 4:21-CV-00776-O, 2022 WL 22330384, at *1 (N.D. Tex. Jan. 26, 2022) (citing *Rogers* 167 F.3d at 938-939).

"Federal Rule of Civil Procedure 60(b)(1) permits relief from a default judgment for 'mistake, inadvertence, surprise, or excusable neglect' . . . [c]ourts construe Rule 60(b)(1) liberally to ensure that they resolve doubtful cases on the merits. *Rogers* 167 F.3d at 938 (citing *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1459 (5th Cir. 1992)). The Firth Circuit has "directed district courts to consider three factors in determining whether sufficient grounds exist for setting aside a default judgment under Rule 60(b)(1): '(1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of [the] defendant's conduct.'"

*Id.* (citing *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir. 1985); *Amberg v. FDIC*, 934 F.2d 681, 686 (5th Cir. 1991).

### III. ANALYSIS

The Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments." *Rogers* 167 F.3d at 936 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 892-93 (5th Cir.1998); *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir.1989)). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by the courts only in extreme situations." *Sun Bank of Ocala*, 874 F.2d at 276.

Here, Equifax argues that Harris is unlikely to suffer significant prejudice due to the Court vacating the default because the litigation is in "its earliest stages." ECF No. 10 at 3. Additionally, Equifax claims it has meritorious defenses to assert in the litigation, specifically that Harris' "claims are not cognizable under the FCRA because the information he has identified does not bear on his 'creditworthiness.'" *Id.* at 4.

Finally, it appears that Equifax's culpability in its conduct was low. While Equifax did not act for more than 50 days after Harris' service, this seems to be more a result of Equifax's lack of awareness of the action and the service upon it, rather than malice. *Id.* at 3. Equifax should have taken more care to respond promptly to Harris' complaint. But entry of default is an extreme measure and inappropriate in this case. The factors all militate in favor of vacating the default.

After the clerk enters default against a party, a "plaintiff may apply for a judgment based on such default. This is a *default judgment*." *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (emphasis in original). Here, because vacating the default is proper, the Court should deny Harris' Motion for Default Judgment (ECF No. 13) as moot.

## IV.   CONCLUSION

Because Equifax has shown "good cause" under Rule 55(c) to set aside the default, and Plaintiff does not oppose its motion, the undersigned **RECOMMENDS** that Chief Judge O'Connor **GRANT** Equifax's unopposed Motion to Set Aside the Default (ECF No. 10) and **DENY** as moot Harris' "Motion for Entry of Default" (ECF No 13).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on October 30, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE